IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael T. Smith, | ) | C/A No.: 1:13-2582-DCN-SVH |
| Petitioner, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Warden Kenney Atkinson, | ) ) ) | |
| Respondent. | ) ) | |

Petitioner Michael T. Smith submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at the Federal Correctional Institution in Edgefield, South Carolina in the custody of the Bureau of Prisons ("BOP"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice.

I. Factual and Procedural Background

Petitioner alleges the BOP erroneously refused him credit toward his federal sentence for three years spent in the county jail awaiting sentencing on federal charges. [Entry #1 at 2, 9; Entry #1-1 at 3]. He indicates that a state court judge sentenced him to a sixty-month term of imprisonment in July 1997 on state charges. [Entry #1-1 at 2]. Two days after the imposition of his state sentence, the county jail mistakenly released Petitioner. *Id.* Petitioner clams that the United States Marshal apprehended him in August

1997 and returned Petitioner to the county jail. *Id.* Petitioner alleges he remained in the county jail from August 1997 until April 2000 on a "new federal charge." *Id.* On April 3, 2000, Petitioner entered a guilty plea to "use and possession of a firearm during and in relation to a drug trafficking crime" in the United States District Court for the Western District of North Carolina and was sentenced to 240 months. [Entry #1 at 2–3]. Petitioner indicates that his federal sentence was ordered to run concurrent with his state sentence. [Entry #1-1 at 2]. Petitioner alleges that after his sentencing in federal court:

> [T]he state granted the Petitioner three years spent in the county jail while Petitioner was awaiting sentencing on federal charges . . . . Petitioner was sent to the state for the remanding [sic] two years on Petitioner's state sentence. The BOP started the Petitioner's time when the Petitioner was remanded to Federal custody, in 2000.

*Id.* at 3. Petitioner seeks credit towards his federal sentence for the three years spent in the county jail between 1997 and 2000. *Id.* at 3–4.

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper method to challenge the execution of a federal sentence. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). In the present § 2241 action, Petitioner alleges that "[t]here is a three year difference of time that is owned to Petitioner that does not show up on his Bureau of Prison record serve under 18 U.S.C. § 3585." [Entry #1-1 at 2]. The statute upon which Petitioner relies directs that a "defendant shall be given credit toward the service of a term of imprisonment for any time spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of

the offense for which the sentence was imposed; *that has not been credited against another sentence.*" 18 U.S.C. § 3585(b) (emphasis added). "The reasoning for denying Prior Custody Credit under § 3585(b) is that a prisoner cannot receive double credit." *Bacon v Federal Bureau of Prisons*, C/A No 6:545-18AK, 2001 WL 34684734, at *5 (D.S.C. March 22, 2001) (collecting cases); *see also Beard v. Bureau of Prisons*, No. 97-7514, 1998 WL 25047 (4th Cir. Jan. 22, 1998) ("A defendant may not receive credit against his federal sentence for time spent in state custody prior to the date the federal sentence commences if that time has been credited against another sentence."); *United States v. Goulden*, No. 94-5389, 1995 WL 298086, at *2 n.3 (4th Cir. May 17, 1995) ("[C]redit is only available for time spend in custody that has not been credited against another sentence.").

In the instant case, Petitioner alleges that he received credit towards his state sentence for the three years spent in the county jail awaiting sentencing on federal charges. [Entry #1-1 at 3]. As the time Petitioner served in the county jail has been credited against another sentence, § 3585(b) does not entitle him to the *nunc pro tunc* designation he seeks. [Entry #1-1 at 1]. Therefore, the instant petition is subject to summary dismissal.

III. Conclusion and Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice and without requiring Respondent to file an answer.

IT IS SO RECOMMENDED.

October 17, 2013
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).